```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA       :
                                         AFFIRMATION
        - v -                  :
                                         15 Cr. 565 (VEC)
KEVIN JOHNSON                  :

                Defendant.     :
------------------------------X
```

I, Robert M. Baum, hereby affirm under penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an Assistant Federal Defender with the Federal Defenders of New York and have been assigned to represent defendant Kevin Johnson in this case.

2. I make this declaration in support of Kevin Johnson's motion for relief in the NOTICE OF MOTION submitted herewith.

3. All statements herein are made upon information and belief unless otherwise indicated.

4. I have reviewed documents and records provided by the Government and conducted independent investigation into the facts and circumstances surrounding this case.

5. Kevin Johnson is charged in the instant indictment with one count, Possession of a Firearm After Having Been Previously Convicted of a Felony. See Indictment, Exhibit A.

6. Mr. Johnson was initially arrested and taken into custody on April 13, 2015, at approximately 1:00 A.M.,

and charged with possession of a firearm.

7. On April 16, 2015, a Criminal Complaint was filed in the Southern District of New York. The Government dismissed the Complaint after a Grand Jury in this District, returned a no true bill. After further investigation, an Indictment was filed and Mr. Johnson was rearrested.

8. On April 12, 2015, police officers responded to a 911 call of a man with a gun inside apartment 5D at 3035 White Plains Road in the Bronx.

9. Kevin Johnson was inside apartment 5D visiting with the mother of his two children as well as his two young children. He was in the kitchen cooking.

10. The mother of his children is Octavia Martin. Mr. Johnson visits the apartment frequently to visit with the children, watch them when Ms. Martin has to leave the apartment, and take them to school in the morning. He occasionally stays overnight. See Octavia Martin affirmation, Exhibit B ("Martin Aff.") at ¶ 5.

11. Because it was after midnight, Mr. Johnson was planning to stay in the apartment as an overnight guest, and take his children to school in the morning. Mr. Martin contributes on a monthly basis to the support of the children and some of that money is used by Ms. Martin for household expenses like utilities. See Johnson

Affirmation Exhibit C ("Johnson Aff.") at ¶ 3.

12. Mr. Johnson spilled oil on the floor of the kitchen while cooking and an argument ensued with Ms. Martin.

13. Ms. Martin's 17 year old daughter, who suffers from panic attacks and anxiety disorder, got scared during the argument, ran out of the apartment and called 911. Martin Aff. at ¶4. Ms. Martin's daughter said in the 911 call that Mr. Johnson had a gun inside the house, although that was not true. Martin Aff. at ¶7. Some time after the arrest, the 17 year old daughter of Ms. Martin was interviewed by an investigator from the United States Attorney's Office and an NYPD Detective, and told them that she said there was a gun in order to get the police to the scene faster. She said that she never saw a gun.

14. When the police arrived on the fifth floor, Ms. Martin met them down the hallway from the apartment where she was standing with her children. She did not give her keys to the apartment to the police. Martin Aff. at ¶8-9. The police officers had their guns drawn in the hallway. The police went to the door of apartment 5D and began kicking at the door. Martin Aff. at ¶10. About 20 minutes later Ms. Martin was told to come to the doorway of her apartment. She observed Kevin Johnson in the hallway handcuffed. Her apartment had

been searched. She never gave anyone permission to search the apartment. Martin Aff. at ¶11-12.

15. About one hour after the search and arrest of Mr. Johnson, a police officer returned to the apartment and asked Ms. Martin to sign a form indicating that they had permission to search the apartment. Because she had never given permission, Ms. Martin refused to sign the form. Martin Aff. at ¶17-18.

16. The next morning, Ms. Martin met with an Assistant District Attorney Bronx County and told him that she had never given permission to the police to search the apartment. See Exhibit D.

17. When the police were banging on the door, Mr. Johnson was frightened because he could see through the peephole that they had their guns drawn. After a few minutes he opened the door, was pulled out into the hallway, and was immediately arrested and placed in handcuffs. He never gave the police permission to search the apartment. Johnson Aff. at ¶7-8.

18. After Mr. Johnson was placed under arrest, while standing in the hallway, police entered the apartment of Ms. Martin and conducted a search resulting in the discovery of two firearms.

**WHEREFORE,** on the grounds set forth in the attached Memorandum of Law, it is respectfully requested that this Court enter an Order granting Mr. Johnson's motion to suppress physical evidence, and statements obtained in violation of his Fourth and Fifth Amendment rights pursuant to the United States Constitution.

Dated:  New York, New York
        May 28, 2015

_____
**ROBERT M. BAUM, ESQ.**