**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/4/2016

May 3, 2016

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    United States v. Kevin Johnson, 15 Cr. 565 (VEC)

Dear Judge Caproni:

    The Government respectfully writes to advise the Court that the New York City Office of the Chief Medical Examiner ("OCME") has indicated to the Government that it will not voluntarily disclose the source code for OCME's Forensic Statistical Tool ("FST"). The Government is available for a conference at the Court's convenience to discuss next steps, and provides the Court with the following additional information in advance of that conference.

    FST is a proprietary and copyrighted statistical tool owned by the City of New York. The source code for FST is over 500 pages. Pursuant to Rule 17 of the Federal Rules of Criminal Procedure, the defendant is not entitled to the FST source code unless he can demonstrate that the requested material is "relevant, specifically identified, admissible, and not otherwise procurable by the exercise of due diligence." *See United States* v. *Barnes*, 560 Fed. App'x 36, 39-40 (2d Cir. 2014) (citing *United States* v. *Nixon*, 418 U.S. 683, 699-700 (1974) ("Under this test, in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'")).

    Although this issue has not been previously litigated in federal court, three New York state court judges have found that defendants are not entitled to FST source code. *See People* v. *Johnson*, No. 00502/14 (Sup. Ct. N.Y. Apr. 21, 2016) (granting OCME's motion to quash subpoena requiring production of FST source code); *People* v. *Rochard*, No. 10576/13 (Sup. Ct. N.Y. Mar. 8, 2016) (denying petition for *subpoena duces tecum* for FST source code where defense had already been provided with the complete forensic biological case files for the DNA testing at issue, and defense counsel had successfully reverse engineered the source code)*; People* v. *Carter*, No. 2573/14 (Sup. Ct. N.Y. Jan. 12, 2016) (denying defendant's request for

May 3, 2016
Page 2

FST source code, finding that, among other things, scientists in other cases challenging FST had "no trouble detailing the perceived shortcomings of [FST] without having access to the code").

The decision in *Johnson* is particularly instructive. There, the defendant submitted extensive briefing and exhibits purporting to make a particularized showing why the source code would be material and relevant to the defense; specifically, that it found an error in the FST validation study. In granting OCME's motion to quash the subpoena, the court found that a "single purported error . . . generated in one validation study, does not entitle the defendant to a wholesale review of the program and its source code to search for 'undetected errors.'" The court further found that having claimed to have found an error in FST, it was "abundantly clear . . . that defendant already possesses the necessary information to cross-examine the People's witnesses and challenge the reliability of the FST evidence."

At the April 28, 2016 conference, the defendant made generalized allegations of "flaws" and the need to "check the math," without explaining what those flaws are or why the source code would be necessary to challenge the reliability of FST. These allegations fall far short of the particularized showing necessary to trigger any obligation by OCME to turn over the source code. Moreover, the defendant already has all of the information he needs to mount a challenge to the DNA testing in this case. At the defendant's request, the Government turned over the entire certified case file, the FST validation study, the allelic frequency tables, the raw data for the DNA sample tested in this case, and a description of unexpected results and corrective actions taken by OCME in 2015, the year that testing was conducted in this case. In addition, the defendant also has access to analysis parameter files, operating procedures, user manuals, quality control manuals, licenses and certifications of accreditation, and lists of lab instruments and software programs used in DNA testing, all of which are publicly available on OCME's website.

May 3, 2016
Page 3

      In light of the generalized nature of the defendant's allegations and the extensive information already available to him, the defendant's request for over 500 pages of highly technical source code is nothing more than a fishing expedition and should be denied. *See United States* v. *German*, No. 4:12-mj-275, 2013 WL 5347360, at *1-2 (M.D. Ga. Sept. 23, 2013) (granting motion to quash subpoena for source code for breathalyzer, where subpoena was a "fishing expedition for information").

                                                Respectfully submitted,

                                                PREET BHARARA
                                                United States Attorney for the
                                                Southern District of New York

By: _____
      Jason M. Swergold
      Assistant United States Attorney
      (212) 637-1023

cc:    Christopher Flood, Esq. (via ECF)
       Sylvie Levine, Esq. (via ECF)
       Robert Baum, Esq. (via ECF)

The parties are directed to appear before the undersigned on May 9, 2016 at 2:00 p.m. for a status conference in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York, 10007.

SO ORDERED.

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE
May 4, 2016