

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 19, 2016

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    United States v. Kevin Johnson, 15 Cr. 565 (VEC)

Dear Judge Caproni:

      Pursuant to the Court's May 10, 2016 Order, the Government respectfully writes to provide the Court with additional authority addressing the disclosure of source code in the context of challenges to expert testimony under *Daubert* v. *Merrell Dow*, 509 U.S. 579 (1993).[1]

      In *United States* v. *Chiaradio*, 684 F.3d 265 (1st Cir. 2012), the defendant argued that the source code for a child pornography investigatory tool used by the FBI was discoverable under Federal Rules of Criminal Procedure 16(a)(1)(E) (items material to the defense), 16(a)(1)(F) (reports of scientific examinations), and 16(a)(1)(G) (summaries of proposed expert testimony). *Id.* at 276 & n.4. The defendant further argued that the source code was needed to challenge the reliability of the tool under *Daubert* and Rule 702. *Id.* at 277. Following an evidentiary hearing, the district court denied the motion to compel.[2] *Id.* at 277. On appeal, the First Circuit, without addressing whether the source code was discoverable, found that the defendant was not prejudiced without the source code, where the Government had produced a digital file recording the transfer of the child pornography at issue from the defendant's computer to the agent's

---

[1] The vast majority of cases in which it appears that an expert was permitted to review source code are copyright and patent infringement actions, where an expert was needed to compare two pieces of software to determine if an infringement had occurred. *See, e.g.*, *Computer Assocs. Intern.* v. *Quest Software, Inc.*, 333 F. Supp. 2d 688 (N.D. Ill. 2004) (expert provided with source code for purposes of determining whether defendant's software infringed on plaintiff's copyright); *Wellogix, Inc.* v. *Accenture, LLP*, 788 F. Supp. 2d 523 (S.D. Tex. 2011) (expert provided source code to compare plaintiff's software and allegedly infringing software in misappropriation of trade secret suit); *Medisim Ltd.* v. *Bestmed LLC*, 861 F. Supp. 2d 159 (S.D.N.Y. 2012) (experts reviewed source code in context of patent and copyright infringement action).

[2] As the First Circuit noted, the evidentiary hearing held on the motion to compel was the functional equivalent of a *Daubert* hearing. *Chiaradio*, 684 F.3d 265, 278.

May 19, 2016
Page 2

computer, and a manual detailing how to manually reconstruct a file sharing session using the produced recording and publicly available programs. *Id.*

In *United States* v. *Cottom*, No. 8:13-CR-108, 2015 WL 9308226 (D. Neb. Dec. 22, 2015), the defendant argued that his experts had reviewed a network investigative technique ("the NIT") used by the FBI to identify IP addresses of individuals using an anonymous network to access child pornography, and the experts could not definitely determine whether the NIT satisfied the *Daubert* standard without access to the source code. *Id.* at *1. At a hearing, the defense expert testified that he was able to essentially reverse engineer the NIT, and concluded that it was reliable. *Id.* at *7. Nevertheless, the defendant's expert claimed that without the source code, he could not definitively verify that the NIT did not have added functionality that performed other tasks, such as planting child pornography or generating false IP addresses. *Id.* at *5. In rejecting the defendant's argument, the court noted that the defendant's experts were not only able to recreate NIT to establish that it worked, but they had proffered no evidence that false IP addresses were generated. *Id.* at *7

As these cases demonstrate, a defendant does not automatically need source code to challenge the reliability of expert testimony involving a computer program, particularly where, as here, the defendant has been provided with all of the information he needs to essentially reconstruct the software. In this case, the defendant has been provided with the entire validation study (which includes the formulas underlying FST), the allelic frequency tables, and the raw data for the DNA sample tested in this case, among other materials. The defendant also has access to publicly available likelihood ratio software, and his experts have themselves reverse engineered FST. More importantly, the defendant has not identified why the source code is actually relevant to his eventual *Daubert* challenge. Accordingly, the defendant's request for the FST source code should be denied.

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York

By: _____
      Jason M. Swergold
      Assistant United States Attorney
      (212) 637-1023

cc:    Christopher Flood, Esq. (via ECF)
        Sylvie Levine, Esq. (via ECF)
        Robert Baum, Esq. (via ECF)