

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 31, 2016

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    United States v. Kevin Johnson, 15 Cr. 565 (VEC)

Dear Judge Caproni:

      The Government respectfully submits this letter in brief reply to the defendant's letter dated May 29, 2016. During the May 9, 2016 conference, the Court asked the defendant to submit any additional authority in which courts had addressed a claim for source code in the context of a *Daubert* challenge. *See* May 9, 2016 Tr. 48:22-25 ("I will give you, Mr. Flood, an opportunity to give me anything else in particular, any case where in the context of - - particularly in the context of a *Daubert* determination as opposed to *Frye*."); Tr. at 20-23 ("So I will look forward to something from the defense on any cases where the court has required disclosure of source code in similar sorts of circumstances in criminal cases."). Instead, defense counsel has filed, presumably with the help of their experts, what amounts to a preliminary *Daubert* brief, raising a host of perceived issues with FST but wholly devoid of any case law supporting their argument that they are entitled to the source code for FST.[1]

      The defendant's letter demonstrates that he does not need the source code to mount a *Daubert* challenge, because as his letter shows, his experts have already identified a number of alleged issues that they claim render FST unreliable. *See, e.g.*, Def's Ltr. at 3 (OCME withheld information during validation study); *id.* at 4 (FST inherits dangers of bias inherent in classical mixture interpretation"); *id.* (empirical basis for the program is flawed); *id.* at 5 (issues with the accuracy and validity of the drop-out study); *id.* at 6-8 (lack of technical and peer review); *id.* at 9-10 (misleading information in FST publications); *id.* at 10-13 (various issues regarding samples used in drop-out and validation studies); *id.* at 13-15 (degree to which OCME "checked the math"); *id.* at 15-18 (unexpected results found in validation study).

      Moreover, the defendant's letter further confirms that his request for source code is a fishing expedition because he has not alleged, other than in conclusory fashion, how the source

---

[1] The Government expects that each of these challenges will be proven meritless in the Government's *Daubert* opposition, and if needed, the testimony of its witnesses at a *Daubert* hearing.

May 31, 2016
Page 2

code is material to his *Daubert* challenge. For example, the defendant argues that there are "conceptual issues" with FST and how they affect the likelihood ratio, but then states in conclusory fashion that there "is the question of whether the development of the program accurately conveyed FST from concept to execution." *See* Def's Ltr. at 6. But nowhere has the defendant alleged any basis for believing that the *source code* is not accurate. *See* Def's Ltr. at 4 ("It has now become clear that the only means of fully testing the reliability of the process is to inspect the program source code"); Def's Ltr. at 7 (arguing that "a review conducted by a competent Systems Engineer can test FST's back end for its adherence to its stated aims," without providing any support to suggest that FST does not adhere to its stated aims).

Accordingly, the defendant's request for FST source code should be denied, and the Government respectfully requests that the Court set a briefing schedule for the defendant's *Daubert* motion.

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By: /s/ Jason M. Swergold
Jason M. Swergold
Assistant United States Attorney
(212) 637-1023

cc: Christopher Flood, Esq. (via ECF)
Sylvie Levine, Esq. (via ECF)
Robert Baum, Esq. (via ECF)