UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___6/7/2016___
```

--------------------------------------------------------------- X
   UNITED STATES OF AMERICA,        :
                          :
       -against-             :
                          :
   KEVIN JOHNSON,            :
                Defendant.   :
--------------------------------------------------------------- X

15-CR-565 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

      It is hereby ORDERED that, upon review of the parties' letter briefing, the Court

GRANTS Defendant's request for a subpoena pursuant to Federal Rules of Criminal Procedure

17(c) ordering the New York City Office of the Chief Medical Examiner ("OCME") to produce

the source code underlying the Forensic Statistical Tool ("FST").  FST is a relatively new tool

that has not been extensively examined or tested in federal court, and the results obtained from

the use of FST on DNA samples recovered from crime scenes are potentially devastating to a

criminal defendant.  The fact that the results obtained from use of the FST can be devastating to a

criminal defendant increases the need of the Court to be diligent about FST's reliability prior to

admitting FST results into evidence.

      Because the source code is "relevant, specifically identified, admissible [at least during a

*Daubert* hearing], and not otherwise procurable by the exercise of due diligence," *United States*

*v. Barnes*, 560 F. App'x 36, 39-40 (2d Cir. 2014) (citing *United States v. Nixon*, 418 U.S. 683,

699-700 (1974)) (summary order), the defense is entitled to issue a subpoena pursuant to Fed. R.

Crim. P. 17(c) to obtain the source code.  The Court is prepared to enter a protective order if

OCME wishes, although the Court questions why a public laboratory would need a protective

order in this context.

The Defendant is ordered to make any pretrial motion to exclude the DNA evidence in this case on or before **August 29, 2016**.  The response of the United States is due **September 29, 2016**.  The defendant's reply brief is due **October 13, 2016**.  The Court will hold an evidentiary hearing on the Defendant's motion on a date to be set after the motion (if any) is fully briefed.  If no motion to exclude is made, the parties will appear for a status conference on **August 30, 2016, at 2:00 p.m.**, at which point a trial date will be set**.**

The time between June 7, 2016 and August 29, 2016 is excluded pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), because the ends of justice served outweigh the interest of the public and the defendant in a speedy trial.  Specifically, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), given the anticipated subject matter of defendant's motion to exclude, failing to grant the continuance would unreasonably deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The Clerk of Court is respectfully directed to close docket entry 50.

**SO ORDERED.**

**Date:  June 7, 2016**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**