**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

**MEMO ENDORSED**

June 16, 2016

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/17/2016

BY ECF
Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  United States v. Kevin Johnson
     15 Cr. 565 (VEC)

Dear Judge Caproni,

      We are in receipt of a copy of a letter from the Office of the Chief Medical Examiner (OCME) to the Court dated June 15, 2016 ("the letter") regarding the subpoena Your Honor recently issued for the FST source code pursuant to Fed. R. Crim. P. 17(c)(2). Ably represented throughout this exhaustive process by the United States Attorney's Office, the OCME only now asserts independence in an effort to re-litigate a settled issue. They are not entitled to do so. Nor have they raised a single new subject, concern, or idea. Although they have not prevailed, the OCME has been heard. On this full record, Your Honor should deny the OCME's request as duplicative. Enough is enough.

      Throughout these proceedings, the Government has stepped into the OCME's shoes, mounting a vigorous challenge despite its inherent lack of standing on the issue. *See United States v. Nachamie*, 91 F.Supp.2d 552, 558 (S.D.N.Y. 2000)("A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege or a proprietary interest in the subpoenaed matter.")(citations omitted). It was the Government who first raised an objection under *United States v. Nixon,* 418 U.S. 683 (1974), *see* Government Letter of May 3, 2016, ECF doc. 37, p.1; the Government who first argued that FST should not be subject to disclosure because it is proprietary, *id*; who first argued that all of the information sought via Rule 17 was available in materials already in our possession, *id* at p.2; that we misapprehend FST and those materials, *id*; and that our objective is attainable through cross examination. *Id.*

      That each of these arguments is repeated in the letter is no accident. The OCME offers nothing new in the letter because the United States Attorney's Office already represented them, coordinating closely on this complex matter. Such is to be expected. But acknowledging the prosecution's diligence is one thing, unwinding this Court's settled decision is another. The OCME made its choices here and must abide them, however unsatisfied they may be with the outcome. The OCME had full notice of these proceedings,

ample opportunity to prepare, and chose to let the Government represent its interests. In this situation, the lab does not hold a Motion to Quash in reserve.

Where a third party elects to let the Government represent its interest, courts have found the Government to have standing to object to subpoenas sought under Rule 17(c). *See United States v. Barnes*, No. 04CR186, 2008 WL 9359654, at *1 (S.D.N.Y. Apr. 2, 2008)(Conferring standing on the prosecution to oppose 17(c) subpoena where third party requested this assistance); *accord United States v. Chen De Yian*, No. 94CR719, 1995 WL 614563, at *2 (S.D.N.Y. Oct. 19, 1995)(Finding that, by receiving evidence from Sheriff's Office, the prosecution "stands in the[ir] shoes" for the purposes of opposing the subpoena.). It is only through such representation that the United States Attorney's Office could be heard on the *Nixon* issue at all.

For the OCME, the initial choice to be represented should not create a windfall opportunity today. Working hand-in-glove with the prosecution where it suits, now claiming independent standing to re-litigate claims already settled is a tag-team approach that is highly wasteful, rightly disfavored in every other jurisprudential context, and unfair to the defense. Mr. Johnson has shown that he has met the *Nixon* standard, and the OCME is not entitled to force him to show it again.

Notably, the letter introduces nothing new. Leaning on stale reasoning for secrecy that Your Honor has already found to be incompatible with the mandate of a public crime lab, the OCME highlights its proprietary interest in FST, as well as its copyright. This argument is settled, and only strengthens the case for open disclosure, as copyright protections afford an independent cause of action against any infringement. Next, boldly ignoring Your Honor's Order of June 7th, the OCME claims we have not met the *Nixon* standard. We have. On a full record, wherein the OCME was forcefully represented and could have appeared had it so chosen, Your Honor already ruled that Mr. Johnson has met this test.

Wishful claims notwithstanding, that the defense has met *Nixon* is law of the case that this Court should be "loath" to revisit "in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1983)(citations omitted). The doctrine is of course discretionary, but is in perfect accord with the strong policy favoring finality, and courts revisit earlier rulings sparingly. *See McClain v. United States*, 676 F.2d 915, 917 (2d Cir.1982). No injustice will be worked upon the OCME in denying them a second bite at the apple.

Here, the OCME raises no grounds for a Motion to Quash, but instead seeks to re-litigate settled claims. As this Court knows perhaps too well, painstaking efforts cleared a path followed in perfect step by the claims set forth in the letter. No reminder is needed of the vigorous contest over those exact questions during the preceding six weeks. No fewer than ten letters, one entire status conference, and part of another set forth the OCME's position in great detail and informed this Court's careful analysis. *See* dkt. nos. 37, 39, 40, 41, 42, 43, 46, 50, 51, 52, and 56. Hearing them repeated by the OCME will not shed new light in this area. Your Honor should consider the lab's earlier efforts through the United States Attorney as conclusive.


On this record, Rule 17(c)(2) does not compel the court to allow a Motion to Quash. Because the OCME has had notice yet chosen to wait until only now to step in, their action cannot fairly be considered "prompt." *See* Fed. R. Crim. P. 17(c)(2). To allow the OCME to file such a motion would flip the *Nixon* test on its head, requiring Mr. Johnson first to meet its requirements, then to begin again with the unreasonable and oppressive exercise of a successive round of repetitive litigation to re-prove his claim. This is not the standard. More is not required.

The OCME's request should be denied.

Respectfully submitted,

Christopher Flood
Sylvie Levine
Assistant Federal Defenders

cc: AUSA Jason Swergold (by ECF)

---

On or before June 24, 2016, OCME must respond to defense counsel's letter. OCME's response must include an explanation why a protective order would not suffice to protect their proprietary interests. The Court will send a copy of this endorsement to OCME via email.

SO ORDERED.

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE
June 17, 2016