

**Office of Chief Medical Examiner**

Florence Hutner, General Counsel
421 E. 26th Street, New York, NY 10016
Telephone: 212.323.1901   Fax: 646.500.5583
Email: fhutner@ocme.nyc.gov
Official Website: www.nyc.gov/ocme

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/1/2016
```

July 1, 2016

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007
CaproniNYSDChambers@nysd.courts.us

Re:   United States v. Kevin Johnson, 15 Cr. 565 (VEC)

Dear Judge Caproni:

In accordance with this Court's Order of June 29, 2016, the New York City Office of Chief Medical Examiner ("OCME") hereby submits its final response to defendant's submissions relating to defendant's demand for the production of the source code for OCME's Forensic Statistical Tool ("FST"), and the OCME's request for quashal of the June 14, 2016 Subpoena Duces Tecum issued by this Court for the FST source code (the "FST Source Code Subpoena").

The OCME has no objection to the Court's considering its letter submissions as a Motion to Quash the FST Source Code Subpoena. Had the OCME made a formal motion, it would have submitted expert declarations to support its assertions with regard to the FST source code in further detail; we are prepared to submit such supporting declarations as needed by the Court.

Defendant's June 29, 2016 Letter (Dkt. 61) perpetuates errors and misimpressions from its prior submissions on this issue, and continues to conflate defendant's purported need for the FST source code with the arguments about the reliability of the FST program, which will presumably be adjudicated in the course of a *Daubert* hearing.

Manual calculations

Contrary to defendant's continuing unfounded protestations, OCME did perform manual calculations to ascertain that the FST code was working properly. As was then and remains standard in the industry, the twenty-four separate loci that were verified[1] were all checked at the beginning of that portion of the validation process.[2] Further, those twenty-four examples represent all the

---

[1] It is misleading for defendant to refer to those calculations as "merely fragments of profiles", June 29 Letter at 2, when they were never intended to be performed on full profiles but rather were deliberately focused on individual loci for a narrower purpose.

[2] Indeed, this procedure even meets the current applicable standards of the Scientific Working Group for DNA Analysis Methods (SWGDAM), which were not adopted until several years after these validations were performed. Those standards impose the following relevant requirements:

1

scenarios that could be used. *See* FST Validation Studies Volume 1 Methods at 25-27, 29-120. The FST program is essentially a calculator; since the calculations performed according to the instructions given by the source code are entirely repetitive, the verification of those initial representative calculations amply sufficed to ensure that the program was working properly before the balance of the LR calculations were performed. Had the verification of those representative examples not confirmed the proper functioning of the code, any necessary corrections would have been made at that point.

The concerns that defendant has raised with regard to claimed problems with the source code, *see* Defendant's Letter of May 27, 2016 (Dkt. 50) at 15-18, actually relate, at best, to possible data entry errors rather than to issues with the source code itself. Thus even were defendant's concerns well founded, they do not address whether the program itself – the compilation of the source code – is faulty, but rather whether there was a data entry error in a tiny number of particular instances.

The OCME hereby offers to demonstrate to defense counsel the manual verification of the LR calculations relating to defendant, at a time and place that is mutually agreeable and meets any requirements of the Court. This demonstration should effectively allay any concerns about the accuracy of those calculations.

*Daubert*

Defendant conflates his purported need for the FST source code with the reliability of the program, which is the proper subject of a *Daubert* hearing. Indeed, defendant's extensive discussion of issues relating to reliability effectively demonstrates his readiness to litigate the *Daubert* issues. *See, e.g.,* Defendant's Letter of May 27 (Dkt. 50). Under the circumstances, there is no justification for disclosure of the source code.

Protective Order

As the OCME submitted in its letter of June 24, 2016, a protective order would be inadequate to safeguard the City's constitutionally based copyright. However, were this Court to determine nonetheless that production pursuant to a protective order is warranted in this case, it would be entirely appropriate for such an order to include some of the stringent protections that have been adopted in other cases involving the production of computer source code. Even if the Court decides that defendant is entitled to review the FST source code, that decision would not by any means imply that defendant is entitled to possess the source code in any form. OCME would submit a proposed form of protective order for review by the Court and the parties.

---

3.2.6. Accuracy – Studies should assess the accuracy of the calculations performed by the system, as well as allele designation functions, where applicable.
3.2.6.1. These studies should include the comparison of the results produced by the probabilistic genotyping software to manual calculations, or results produced with an alternate software program or application, to aid in assessing accuracy of results generated by the probabilistic genotyping system.
"SWGDAM Guidelines for the Validation of Probabilistic Genotyping Systems"
(http://www.swgdam.org/#!publications/c1mix).

Conclusion

The OCME maintains its position that defendant does not need the FST source code to protect his right to a fair trial, and that the OCME's interests outweigh defendant's interest in disclosure of the source code, even with a protective order. Defendant has not met his burden of demonstrating a need for the FST Source Code Subpoena, which should therefore be quashed.

Respectfully,

Florence Hutner
General Counsel
NYC Office of Chief Medical Examiner

c: (*via email*)

Jason Swergold
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

Christopher Flood
Sylvie Levine
Federal Defenders of New York, Inc.
52 Duane Street, 10th floor
New York, NY 10007