```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/6/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
  UNITED STATES OF AMERICA,     :
                :  15-CR-565 (VEC)
    -against-          :
                :  ORDER
  KEVIN JOHNSON,          :
           Defendant. :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

  WHEREAS on June 15, 2016, the New York City Office of Chief Medical Examiner ("OCME") wrote a letter to this Court requesting leave to file a motion to quash the subpoena that this Court so ordered on June 14, 2016 requiring that OCME produce to defense counsel "the source code for the Forensic Statistical Tool (FST) in its 'native file formats,'" Dkt. 65;

  WHEREAS on June 16, 2016, Defendant filed a letter opposing OCME's request as duplicative to arguments previously raised in the parties' earlier letter briefing to the Court, Dkt. 59;

  WHEREAS, on June 24, 2016, OCME submitted a letter to this Court responding to the Defendant's opposition letter, Dkt. 63, and, on June 29, 2016, Defendant filed another letter response to OCME's June 24, 2016 letter, Dkts. 61 & 62; and

  WHEREAS on July 1, 2016, OCME submitted a final letter to this Court in response to Defendants' submissions and confirmed therein that it "has no objection to the Court's considering its letter submissions as a Motion to Quash the FST Source Code Subpoena," Dkt. 66.

  It is HEREBY ORDERED that the Court construes OCME's letters as its motion to quash and, upon full consideration of the arguments raised by OCME and defense counsel in their letters, DENIES OCME's motion. OCME must produce the source code to defense counsel per the June 14, 2016 subpoena. On or before **July 15, 2016**, OCME and defense counsel must meet and confer

regarding a protective order. The Court notes that the strict constraints that OCME proposed as examples, such as Defendant's expert only being able to inspect the source code at OCME's offices, with monitoring and supervision, and with no ability to use an electronic device or transfer or copy material, *see* June 24, 2016 Letter from OCME, at 3 (Dkt. 63), is draconian and will not be approved. Defendant's expert is entitled to possess the source code for purposes of conducting an analysis. Accordingly, any protective order should focus on limiting what defense counsel and Defendant's expert may do with the source code once they possess it.

      The Clerk of Court is respectfully directed to close Docket Entry 61.

**SO ORDERED.**

Date:  July 6, 2016  
         New York, New York

_____  
**VALERIE CAPRONI**  
**United States District Judge**