USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/18/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

United States,

          -v-                                                                    15 Cr. 565 (VEC)

Kevin Johnson,

                Defendant.

------------------------------------------------------------------X

## PROTECTIVE ORDER
### REGARDING THE CONFIDENTIALITY OF THE FORENSIC STATISTICAL TOOL SOURCE CODE AND RELATED DOCUMENTS

The Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the disclosure of the Forensic Statistical Tool source code, it is therefore hereby

ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

1.    Any person subject to this Order who receives from any other person any Material (i.e., information of any kind provided in the course of this action) that is designated as "Highly Confidential" pursuant to the terms of this Order shall not disclose such Highly Confidential Material to anyone else except as expressly permitted hereunder.

2. Highly Confidential Material in this action is defined as the New York City Office of the Chief Medical Examiner's Forensic Statistical Tool source code or portions thereof produced by a party pursuant to a subpoena in this action.

3. Highly Confidential Material may not be disclosed by the receiving party to any person other than:

    (a)    the parties to this action;

    (b)    counsel for a party to this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    (c)    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, and their agents, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (d)    any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (e)    persons who have authored, prepared or assisted in the preparation of the Highly Confidential Material or to whom the Highly Confidential Material or copies thereof were addressed, delivered, relate, and any other person indicated on the face of the document as having received a copy;

    (f)    stenographers engaged to transcribe depositions conducted in this action and/or certified videotape operators engaged in pretrial discovery, but provided that such persons may retain Highly Confidential Material only as long as is necessary for such engagement;

  (g)  the Court and its support personnel; and/or

  (h)  any other person to whom the parties agree in writing, or as directed by Order of Court.

  4. Prior to any disclosure of any Highly Confidential Material to any person referred to in subparagraphs 3(c) and (d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement (NDA) in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Defense counsel shall retain each signed Non-Disclosure Agreement. Prior to a witness testifying at any hearing or trial, a copy of the witness' signed NDA shall be furnished to the OCME General Counsel located at 421 East 26th Street, New York, NY 10016. At the conclusion of the case, all remaining NDA's will be turned over the OCME General Counsel. The OCME will keep confidential all NDA's received in the course of this litigation, subject to the same disclosure rules set forth in paragraph 9 of this Order.

  5. The Highly Confidential Material shall be produced in its native file format. If the Highly Confidential Material is not produced in a format that can be electronically forwarded to other persons qualified to view the Highly Confidential Material under paragraph 3, the producing party shall tender four copies of the Highly Confidential Material on password protected devices that can be transferred as necessary and in accordance with the other conditions of this order.

6.     The Highly Confidential Materials shall be delivered in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**HIGHLY CONFIDENTIAL**
This envelope contains documents or information designated confidential pursuant to an order signed by the United States District Court, Southern District of New York, Judge Valerie Caproni, in the above-captioned action. The contents may only be reviewed pursuant to protective order (15 Cr. 565) and non-disclosure agreement. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of the case.

7.     Any papers, or portions thereof, that contain any Highly Confidential Material, or reveals contents thereof, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. Upon the filing of a motion or any other papers with the Court under seal by any party, the producing party shall, within seven (7) days of the sealed filing, submit a publicly filed redacted copy of the same that redacts only the Highly Confidential Material itself. Such publically available filings shall be made via the Court's Electronic Case Filing system.

8.     Hearing and/or trial testimony that reveals the contents of Highly Confidential Material, and the transcript of such testimony, together with any exhibits referred to therein, shall fall within the meaning of this protective order and, therefore, shall be filed in accordance with the redaction and sealing clauses included above.

9.     Each person who has access to Highly Confidential Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. In the event of disclosure of any Highly Confidential Material to a person not authorized to receive such material in accordance with this Order ("unauthorized disclosure"), the person responsible for having made such unauthorized disclosure must promptly inform

defense counsel of the relevant facts and circumstances of the disclosure, including the information disclosed, the person(s) to whom disclosure was made, the date(s) of disclosure, and any other relevant information about the nature and circumstances of the disclosure. Defense counsel will, in turn, notify the OCME of the same. The responsible person must also promptly take all reasonable measures to procure the immediate redaction, return, or destruction of the Highly Confidential Material released by the unauthorized disclosure and promptly apprise defense counsel, in writing, of the redaction, return, or destruction; defense counsel, in turn, will make such writing available to the OCME. The responsible person will ensure that no further or greater unauthorized disclosure or use of such information or materials is made.

10. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, and any appeals thereof, all Highly Confidential Material and all copies thereof produced during the litigation, shall be promptly returned to the producing party, or, upon permission of the producing party, destroyed.

11. Defense counsel will provide reasonable notice to the OCME when materials are to be filed via the Electronic Case Filing (ECF) system that excerpt or incorporate the Highly Confidential Materials to confirm redactions.

12. The parties understand the Court retains unfettered discretion whether or not to afford confidential treatment to any Highly Confidential Material or designation of materials as Highly Confidential Material.

13. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York
July 15, 2016

Office of Chief Medical Examiner

By: _____
Florence Hutner, General Counsel
421 East 26th Street, New York, NY

Federal Defenders of New York

By: _____
Christopher Flood

By: _____
Sylvie Levine

By: _____ CAF
Robert Baum

Assistant Federal Defenders
52 Duane Street, 10th floor
New York, NY 10007

IT IS SO ORDERED.

_____
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

July 18, 2016

6

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Highly Confidential. I agree that I will not disclose such Highly Confidential Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

_____
Print Name

_____
Signature

_____
Title

_____
Company